IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **STANISLAW KULIS,** on behalf of himself and all other similarly situated plaintiffs, known and unknown, | ) ) ) **No.** 24 cv |
| Plaintiff, | ) ) **Honorable Judge** |
| v. | ) ) **Magistrate Judge** |
| **DESIGN FIRST BUILDERS, LLC.** | ) ) |
| Defendants | ) *JURY DEMAND* ) |

## COMPLAINT

NOW COMES Plaintiff, **STANISLAW KULIS**, by and through his attorney, JOHN W. BILLHORN OF BILLHORN LAW FIRM, and for his Complaint against Defendant, **DESIGN FIRST BUILDERS, LLC.,** states as follows:

**I. NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* (IMWL). Plaintiff also asserts that the IMWL claim is subject to class treatment pursuant to Federal Rule of Civil Procedure 23.

**II. JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

**III.   THE PARTIES**

3.     Defendant, **DESIGN FIRST BUILDERS, LLC** (herein referred to as a "Defendant"), is located at 1201 Norwood Avenue, Itasca, IL 60143.  Defendant provides custom home building and other construction services. See www.designfirstbuilders.com. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting in the interest of and as the employer in relation to Plaintiff and all putative Class members and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Plaintiff, **STANISLAW KULIS** (hereinafter referred to as "Plaintiff" or "Kulis"), is former employee who performs a variety of duties related to the construction of custom cabinet and other woodworks, under the direction of Defendant's management, and was and is compensated as a 1099 independent contractor and paid a straight hourly wage for all hours worked including hours over 40 in a statutory workweek

5.     All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant in the same or similar capacity as described above and who were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek. As an employee performing duties for an enterprise engaged in commerce, Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

6. Pursuant to the FLSA, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the FLSA, Section 260.

**Illinois Minimum Wage Law**

7. Pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by the named Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

8. Plaintiff Kulis is a former employee of Defendant who worked for Defendant as a custom cabinet maker carpenter from approximately July 2022 to November 2023.

9. During Plaintiff Kulis' employment with Defendant, Plaintiff worked for Defendant at their location 1201 Norwood Avenue, Itasca, IL 60143.

10. During Plaintiff Kulis' entire employment, Defendants improperly classified Plaintiff as a 1099 independent contractor and compensated Plaintiff on an hourly basis at $22.00 - $23.00 per hour and failed and refused to pay Plaintiff at a rate of one and one-half

times for hours worked in excess of 40 hours per work week.

11. Plaintiff Kulis worked more than 40 hours per week in certain work weeks and did not receive any additional overtime premiums for those hours worked over 40 in individual work weeks.

12. During Plaintiff's employment, he was scheduled to and did work 50 hours most weeks.

13. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present "carpenters" who work or worked for Defendant and were also a) improperly classified as 1099 independent contractors, and/or b) denied overtime wages resulting from Defendant's noncompliant and illegal compensation plan.

14. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

1-14. Paragraphs 1 through 14 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 14 of this Count I.

15. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

16. Defendant has at all times relevant hereto failed and refused to pay time and one half compensation for hours worked in excess of forty (40) in a work week, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II
### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-16. Paragraphs 1 through 16 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of Count II.

17. Defendant's actions as complained above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to

the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

18. Pursuant to the Fair Labor Standards Act, the named Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-18. Paragraphs 1 through 18 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count III.

19. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant's possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such

information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

20. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-20. Paragraphs 1 through 20 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of this Count IV.

21. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

22. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for treble the unpaid wages and for an additional penalty in the amount of 5% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

23. Defendant's failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

    (a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

    (b)    awarding treble the amount of damages as shown by the evidence, to which the named Plaintiffs and other members of the Plaintiff Class are entitled;

    (c)    awarding prejudgment interest as allowed by the IMWL;

    (d)    directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

    (c)    for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 02/02/2024*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs and members of the Plaintiff Class, known and unknown